# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

In re:

COPLEY E. SZOSTAK    Case No. 22-19693-EPK

   Debtor.    Chapter 7

_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC

   Plaintiff,

v    Adv. No. 23-01070-EPK

COPLEY E. SZOSTAK

   Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED ADVERSARY COMPLAINT**
**(re: ECF No. 41)**

**ANSWER**

Defendant, Copley E. Szostak, through her undersigned counsel, files her Answer and Affirmative Defenses in response to Plaintiffs, Microbilt Corporation and Princeton Alternative Funding, LLC's Verified Amended Complaint Objecting to Discharge of Debtor and Dischargeability of Debt [ECF No. 1[1]] and states as follows:

1. Defendant Admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 19, 20, 21, 22, 23, 27, 33, 41, and 48.

---

[1] References to Docket entries in the Main Case, 22-19693-MAM, shall be identified as follows: "M-ECF No. xx"

2.Defendant Denies the allegations contained in Paragraphs 14, 15, 17, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, 37, 42, 43, 44, 45, 46, 49, and 50, and demands strict proof thereof.

3.Defendant is without knowledge sufficient to admit or deny the allegations of Paragraphs 11, 16, 36, 38, and 39.

**AFFIRMATIVE DEFENSES**

4.**COUNT I – § 523(a)(6)—Objection to Dischargeability of Debt.** Defendant owes no debt to Plaintiffs who therefore lack standing to commence this adversary proceeding. the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code.  Plaintiffs accomplish this, in both the New Jersey [District] court proceedings and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon fictionalized or dramatized facts. Plaintiffs' motivation for the maintenance of these bad faith proceedings appears to be based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the active and pending proceedings against the Plaintiffs herein on behalf of the Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations.

5.**COUNT I - § 523(a)(6) – Objection to Dischargeability of Debt.** The Complaint fails to state a cause of action against the Debtor/Defendant.  Exhibit "A" to the adversary Complaint does not even name the Debtor/Defendant and therefore cannot be the basis for nondischargeability of debt or for non-discharge pursuant to § 727(a)(4)(A).   Furthermore, the heightened pleading requirements for fraud pursuant to Rule 9 have not been met, especially in respect of the Code's requirements in a 727 proceeding.  As in the initial Adversary Complaint, there are no allegations appearing in the Amended Complaint that connect the Debtor/Defendant to the 100+ pages of

2

6. allegations relating to Debtor's spouse.  Further, the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code.  Plaintiffs accomplish this, in both the pending and active New Jersey court proceedings and in the proceedings at bar: with sham pleadings and arguments which are known by Plaintiffs to be based upon fictionalized or dramatized facts and the misapplication of the law.  Plaintiffs' motivation for the maintenance of these bad faith proceedings appears to be at least partly based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the federal proceedings pending against the Plaintiffs herein on behalf of the Securities and Exchange Commission in the State of New Jersey. and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations.

7. **COUNT II – § 727(a)(4)(A)—Objection to Discharge -** Any oath or omission claimed by Plaintiffs to justify a complete denial of Defendant's discharge was not intentional and was not sufficiently material to justify such a denial of discharge nor to demonstrate a reckless disregard for the truth.  The issues alleged by the Plaintiffs were fully discussed and disclosed at the Debtor's 341 Meeting of Creditors.  There would have been no material change in the treatment of the unsecured creditors in this no-asset case.  Further, the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code.  Plaintiffs accomplish this, in both the pending and active New Jersey court proceedings, and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon fictionalized or dramatized facts and the misapplication of the law.  Plaintiffs' motivation for the maintenance of these bad faith proceedings appears to be at least partly based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the proceedings pending against the Plaintiffs currently pending on behalf of the

8.Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations.

9.**COUNTS I AND II:**Plaintiffs lack standing to commence this adversary proceeding as no debt is owed to either Plaintiff. Furthermore, the minimum requisite allegations for a denial of discharge have not been met nor have the pleading requirements of § 727(a)(4)(A) been complied with by Plaintiffs. Accordingly, both Counts I and II fail to state a cause of action under the Code under either 523 or 727. Further, the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code. Plaintiffs accomplish this, in both the active and pending New Jersey court proceedings and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon fictionalized or dramatized facts. Plaintiffs' motivation for the maintenance of these bad faith proceedings appears to be at least partly based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the proceedings pending against the Plaintiffs herein currently pending on behalf of the Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations.

10.Defendant reserves the right to amend and/or supplement these affirmative defenses as discovery continues in these proceedings.

**WHEREFORE**, having answered the Amended Complaint filed by Plaintiff, Defendant, Copley E. Szostak respectfully requests judgment be entered in her favor on all Counts and that Defendant recover her reasonable attorneys' fees and costs in accordance with 11 U.S.C. § 105 and for such other and further relief as this Court deems appropriate.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished this 2nd day of January 2024, via CMECF to all persons and entities authorized to receive electronic notices from the court and to all persons who are not so authorized by regular U.S. Mail, postage prepaid, as shown on the attached Service List.

*Steven S. Newburgh, Esq.*
STEVE NEWBURGH, P.A.
Attorneys for COPLEY E. SZOSTAK
884 NW 6TH Drive
Boca Raton, Florida 33486
Telephone: (561) 329-1997
Email: ssn@newburghlaw.net

BY: */s/ Steven S. Newburgh*
    STEVEN S. NEWBURGH, ESQ.
    Florida Bar No. 348619

**SERVICE LIST**

# Mailing Information for Case 23-01070-MAM

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alexis A Leventhal    aleventhal@reedsmith.com, slucas@reedsmith.com
- Steven S Newburgh    ssn@newburghlaw.net, cmecf@newburghlaw.net

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients)