UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

COPLEY E. SZOSTAK                                  Case No. 22-19693-EPK

    Debtor.                                               Chapter 7
_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC

    Plaintiff,

v                                                                    Adv. No. 23-01070-EPK

COPLEY E. SZOSTAK

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED ADVERSARY COMPLAINT**
**(re: ECF No. 41)**

**ANSWER**

    Defendant, Copley E. Szostak, through her undersigned counsel, files her Answer and Affirmative Defenses in response to Plaintiffs, Microbilt Corporation and Princeton Alternative Funding, LLC's Verified Amended Complaint Objecting to Discharge of Debtor and Dischargeability of Debt [ECF No. 41[1]] and states as follows:

    1.    Defendant Admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 19, 20, 21, 22, 23, 27, 33, 41, and 48.

---

[1] References to Docket entries in the Main Case, 22-19693-MAM, shall be identified as follows: "M-ECF No. xx"

1

2.	Defendant Denies the allegations contained in Paragraphs 14, 15, 17, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, 37, 42, 43, 44, 45, 46, 49, and 50, and demands strict proof thereof.

3.	Defendant is without knowledge sufficient to admit or deny the allegations of Paragraphs 11, 16, 36, 38, and 39.

**AFFIRMATIVE DEFENSES**

4.	**COUNT I – § 523(a)(6)—Objection to Dischargeability of Debt – Lack of Standing and Failure to State Cause of Action -** Defendant never owed any debt to Plaintiffs and any claims against the Debtor were not alleged until the filing by Debtor for protection under Chapter 7 of the Code.  Accordingly, the allegations pertaining to the Debtor in these adversary proceedings are sham as the New Jersey state court proceedings have been pending for approximately 7 years and were never previously raised by the Plaintiffs in those state court proceedings.  Accordingly, Plaintiffs are not "creditors" under the Code and, in fact, lack standing to maintain this adversary proceeding.  The adversary complaints filed in this case were each filed in abject bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code.  Plaintiffs accomplish this, in both the New Jersey court proceedings and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon false and fictionalized facts.  Plaintiffs' motivation for the maintenance of these adversary proceedings appears to be based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the active and pending proceedings against the Plaintiffs herein on behalf of the Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations in the New Jersey state court proceedings, which are also active and pending.

5.  **COUNT I - § 523(a)(6) – Objection to Dischargeability of Debt. –Pleading Deficiencies and Failure to State Cause of Action -** The Complaint fails to state a cause of action against the Debtor/Defendant. Exhibit "A" to the adversary Complaint does not name the Debtor/Defendant and therefore cannot be the basis for nondischargeability of debt or for non-discharge pursuant to § 523(a)(6). Furthermore, the heightened pleading requirements for fraud pursuant to Rule 9 have not been met, nor do the allegations meet the Code's requirement that the allegations set forth a *prima facie* case in a 523(a)(6) proceeding. As in the initial Adversary Complaint, there are no allegations appearing in the Amended Complaint that connect the Debtor/Defendant to the 100+ pages of allegations relating to Debtor's spouse. Further, the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code. Plaintiffs accomplish this, in both the pending and active New Jersey court proceedings and in the proceedings at bar with sham pleadings and arguments which are known by Plaintiffs to be based upon false facts and/or due to misapplication of the law. Accordingly, Plaintiff's Amended Complaint fails to state a cause of action upon which relief could be granted under the Code.

6.  **COUNT II – § 727(a)(4)(A)—Objection to Discharge -** Any oath or omission claimed by Plaintiffs to justify a complete denial of Defendant's discharge was not intentional and was not sufficiently material to justify such a denial of discharge nor to demonstrate a reckless disregard for the truth. The issues alleged by the Plaintiffs were fully discussed and disclosed at the Debtor's 341 Meeting of Creditors. Thereafter, the Chapter 7 Trustee issued a Report of No Distribution   There would have been no material change in the treatment of the unsecured creditors in this no-asset case in the event any allegation or assertion relating to the Debtor's Schedules and Statements were true;  however, the Chapter 7 Trustee found no value in the

3

Debtor's bankruptcy estate and this should bar Plaintiff's unsupported challenges to the determinations of the Chapter 7 Trustee. Further, the adversary complaints filed in this case were each filed in abject bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code. Plaintiffs accomplish this, in both the pending and active New Jersey court proceedings, and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon fictionalized or dramatized facts and the misapplication of the law. Plaintiffs' motivation for the maintenance of these proceedings appears to be at least partly based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the proceedings pending against the Plaintiffs currently pending on behalf of the Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse, Robert W. Szostak, against the Plaintiff corporations.

7. **COUNTS I AND II:** The adversary complaints filed in this case were each filed in abject bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code. Plaintiffs accomplish this, in both the active and pending New Jersey court proceedings and in the proceedings at bar, with sham pleadings and arguments which are known by Plaintiffs to be based upon false facts and in some instances, misapplication of the law. Plaintiffs' motivation for the maintenance of these bad faith proceedings appears to be at least partly based upon the fact that the Debtor's spouse, Robert. W. Szostak, was the "Whistleblower" in the proceedings pending against the Plaintiffs herein, currently pending on behalf of the Securities and Exchange Commission in the State of New Jersey and in retribution for the filing of suit by Debtor's spouse against the Plaintiff corporations.

8. Defendant reserves the right to amend and/or supplement these affirmative defenses as discovery continues in these proceedings.

**WHEREFORE**, having answered the Amended Complaint filed by Plaintiff, Defendant, Copley E. Szostak respectfully requests judgment be entered in her favor on all Counts and that

4

Defendant recover her reasonable attorneys' fees and costs in accordance with 11 U.S.C. § 105 and for such other and further relief as this Court deems appropriate.

**Dated: January 2, 2024**

                Respectfully submitted:

                ***Steven S. Newburgh, Esq.***
                STEVE NEWBURGH, P.A.
                Attorneys for DEBTOR-COPLEY E. SZOSTAK
                884 NW 6TH Drive
                Boca Raton, Florida 33486
                Telephone: (561) 329-1997
                Email:  ssn@newburghlaw.net

                BY:   */s/ Steven S. Newburgh*
                      STEVEN S. NEWBURGH, ESQ.
                      Florida Bar No. 348619

        **I HEREBY CERTIFY** that a true copy of the foregoing has been furnished this 2nd day of January 2024, via CMECF to all persons and entities authorized to receive electronic notices from the court and to all persons who are not so authorized by regular U.S. Mail, postage prepaid, as shown on the attached Service List.

                BY:   */s/ Steven S. Newburgh*
                      STEVEN S. NEWBURGH, ESQ.
                      Florida Bar No. 348619

<u>**SERVICE LIST**</u>

# Mailing Information for Case 23-01070-MAM

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alexis A Leventhal    aleventhal@reedsmith.com, slucas@reedsmith.com
- Steven S Newburgh    ssn@newburghlaw.net, cmecf@newburghlaw.net

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients)