**EXHIBIT A**

<u>Burgess Declaration</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                    Chapter 7

COPLEY E. SZOSTAK                        Case No. 22-19693-MAM

                      Debtor.
_____/


MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                 Adv. No. 23-01070-MAM

                      Plaintiffs,

v.

COPLEY E. SZOSTAK

                      Defendant.
_____/

## <u>DECLARATION OF PHILIP BURGESS</u>

I, Philip Burgess, hereby declare as follows:

1.      I am a consultant to Microbilt Corporation, which includes, among other things, consultation regarding Princeton Alternative Funding, LLC .  As such, I have personal knowledge of the following based on the records of Microbilt Corporation and Princeton Alternative Funding, LLC (together, "***Plaintiffs***").

2.      As consultant to Microbilt Corporation, I am responsible for assuring and validating the accuracy of the statements in this declaration.  I am over the age of 18 and competent to testify as to the matters contained herein.

3.      I am authorized to submit this declaration on behalf of Plaintiffs in support of *Plaintiffs' Preliminary Objection to Defendant's Omnibus Motion [ECF NO. 171]* (the

"***Objection***")[1], filed contemporaneously.

## I.    Pre-Bankruptcy: Ongoing Litigation in New Jersey.

4.    On January 25, 2016,  Robert W. Szostak ("***Robert Szostak***"), husband of the Defendant in this matter Copley E. Szostak (the "***Defendant***"), (among others) instituted an action (the "***New Jersey Action***") by filing a complaint against Plaintiffs and the other defendants, in both their individual capacity and derivatively, in the Superior Court of New Jersey, Chancery Division (the "***New Jersey Court***"), which was administered at Case No. L-675-20 (now consolidated with Case No. C-6-16).

5.    Reed Smith does not represent Plaintiffs in the New Jersey Action.

6.    In the New Jersey Action, Plaintiffs seek damages and equitable relief as a result of the defendants' (1) tortious interference with contract and prospective economic advantage, (2) breach of duty of loyalty, (3) aiding and abetting breach of fiduciary duty, (4) aiding and abetting breach of duties of non-disclosure of trade secrets, (5) commercial disparagement and trade libel, and (6) civil conspiracy.

7.    The New Jersey Action remains ongoing and the parties to the New Jersey Action are still conducting discovery and navigating various ongoing discovery disputes.

8.    In the course of discovery being conducted in the New Jersey Action, facts came to light indicating that the Defendant—acting alone, through various companies controlled by her, and in concert with Robert Szostak and/or others—made false and disparaging statements against Plaintiffs to third parties, regulators and "anyone who will listen."

9.    Defendant is one of the "Jane Doe" defendants identified in the live complaint pending in the New Jersey Action and, indeed, Plaintiffs anticipate moving for stay relief for the

---

[1] Capitalized terms not defined herein have the meanings given to them in the Objection.

purpose of amending that complaint to name her individually in the near future.

## II.    Appearance and Admission of Reed Smith Attorneys as Plaintiffs' Counsel

10.    Plaintiffs retained the firm Reed Smith LLP ("*Reed Smith*") as counsel for the Bankruptcy Case and this Adversary Case.

11.    Acting as lead counsel for Plaintiffs at the start of this Adversary Case in all matters before the Court was then-attorney Derek J. Baker ("*Baker*").

12.    In February 2025, Baker was appointed as a bankruptcy judge for the United States Bankruptcy Court for the Eastern District of Pennsylvania[2], and resigned from Reed Smith to accept that appointment.

13.    Upon now-*Judge* Baker's departure from Reed Smith, attorney Michael P. Cooley of Reed Smith stepped in to replace Baker as lead bankruptcy counsel for Plaintiffs in the Bankruptcy Case and this Adversary Case.

14.    On December 22, 2022, attorney Alexis A. Leventhal ("*Leventhal*") of Reed Smith entered her appearance in the Bankruptcy Case as local counsel for Plaintiffs.

15.    In late August 2025, Leventhal left the employ of Reed Smith, and she has not acted as Plaintiff's counsel since that time.

16.    Prior to Leventhal's departure from Reed Smith, Edward M. Mullins was chosen to take over as local counsel for Plaintiffs in the Bankruptcy Case and this Adversary Case.

## III.    Discovery in the Adversary Case

17.    Since at least early March, Plaintiffs' counsel have been coordinating with Plaintiffs to search through hundreds of thousands of documents in an effort to identify for Defendant's counsel those documents that—as requested in one of the discovery requests—"relate

---

[2] *See* https://www.paeb.uscourts.gov/content/judge-derek-j-baker.

solely to the issues concerning" Count 2.

18.     These documents are already in the possession of Defendant's counsel, having been produced to Robert Szostak in the course of the New Jersey Action.

19.     This process is requiring Plaintiffs and their counsel to review and evaluate hundreds of thousands of documents, and continues through the date of this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Philip Burgess

Executed on April 6, 2026

- 5 -