**EXHIBIT D**

| | |
|---|---|
| **From:** | Cooley, Michael P. |
| **To:** | Steven Newburgh; Tina Vierengel |
| **Cc:** | Costantinou, Emily C. |
| **Subject:** | Szostak - Plaintiffs" revised discovery requests to Defendants |
| **Date:** | Friday, March 6, 2026 6:15:35 PM |
| **Attachments:** | 3_6_26 - Interrogatories Directed to Robert Szostak.pdf |
| | 3_6_26 - Requests for Documents Directed to Copley Szostak.pdf |
| | 3_6_26 - Interrogatories Directed to Copley Szostak.pdf |
| | 3_6_26 - Requests for Documents Directed to Robert Szostak.pdf |
| **Importance:** | High |

Steven—

Good afternoon.  Further to our prior discovery conferences, enclosed please find Plaintiffs' <u>revised</u> interrogatories and requests for production of documents to each of Copley Szostak and Robert Szostak, which are provided with a 31-day return date of <u>April 6, 2026</u>.  For efficiency, I am transmitting both sets in the same email.

As discussed, thesed are intended to replace the discovery requests previously submitted by our firm, and we have taken steps to revise each of them to narrow the discovery requests to matters concerning only the § 727(a) cause of action and not the § 523(a) cause of action.  I think you will find them both to be straightforward in nature, but please do not hesitate to reach out if you have questions or wish to confer on any of the requests.  Once the written discovery is complete, I anticipate that we will take the deposition of each of the Szostaks.  Rather than send those deposition notices now, I would ask you to confer with them on possible dates between April 6 and April 16 (the close of discovery).

Separately, and as was also discussed in our recent conferences, I am working with Emily now to determine what discovery responses remained outstanding on our end, and hope to have those responses and any responsive documents to you within the next week or so.

Finally, I am informed that Alexis Leventhal should be filing her notices of withdrawal in the two adversary proceedings early next week.

Regards,

mpc
**Michael P. Cooley**

mpcooley@reedsmith.com
D: +1 469.680.4213
M: +1 214.497.9584

**reedsmith.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                          Chapter 7

COPLEY E. SZOSTAK                                 Case No. 22-19693-MAM

               Debtor.

_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                    Adv. No. 23-01070-MAM

               Plaintiffs,

v.

COPLEY E. SZOSTAK

               Defendant.

_____/

        Copley E. Szostak
        c/o Steven S. Newburgh, Esquire
        Steve Newburgh, P.A.
        884 NW 6TH Drive
        Boca Raton, Florida 33486
        Telephone: (561) 329-1997

**PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES TO DEBTOR**

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, Plaintiffs MicroBilt Corporation and Princeton Alternative Funding, LLC (collectively "Plaintiffs"), through their undersigned counsel, hereby demands responses from **Defendant, Copley E. Szostak** (the "Defendant") to the following interrogatories (collectively, the "Interrogatories", and individually, each an "Interrogatory"), in accordance with the instructions and definitions that follow. The Plaintiffs further request that Defendant respond no later than **April 6, 2026, at 5:00 p.m. (Eastern Time)**, which is thirty (30) days from the date hereof, and the time period and in the manner prescribed by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

1.      "You", "Your", and "Defendant," shall refer to Defendant, Copley Szostak, individually, and other persons acting for or on behalf of her, including without limitation attorneys and accountants.

2.      "Plaintiffs" refers to MicroBilt Corporation and Princeton Alternative Funding, LLC.

3.      The terms "Address" or "Addresses" shall include the number, street, city, county, state, country and zip or postal code.

4.      "Adversary Case" refers to the adversary case commenced by the Complaint, captioned *Microbilt Corporation and Princeton Alternative Funding, LLC v. Copley E. Szostak*, in the United States Bankruptcy Court for the Southern District of Florida, at Adv. Docket No. 23-01070-MAM.

5.      "All Documents" means every Document as defined above, whether an original or a copy, which is known to You and every such Document which can be located or discovered by reasonably diligent efforts.

6.      "Amended Answer" refers to the *Answer and Affirmative Defenses to Amended Adversary Complaint* filed by Defendant in the Adversary Case on January 2, 2024, docketed at ECF No. 63.

7.      "Amended Complaint" refers to the *Verified Amended Complaint Objecting to the Discharge of Debtor and Dischargeability of Debt* filed by Plaintiffs in the Adversary Case on December 7, 2023, docketed at ECF No. 41.

8.      "Bankruptcy Case" refers to the bankruptcy case the bankruptcy case commenced by Defendant in the United States Bankruptcy Court for the Southern District of Florida, at Docket No. 22-19693-MAM.

9.      "Communication" includes without limitation any statement, Document, conversation, discussion, meeting, conference, or message, whether transmitted, delivered or conducted in person, by telephone, through interpreters, orally, electronically, through sign language or gesture, or in writing.

10.     "Complaint" refers to the *Verified Complaint Objecting to the Discharge of Debtor and Dischargeability of Debt* filed by Plaintiffs in the Adversary Case on March 27, 2023, docketed at ECF No. 1.

11.     "Describe" means to state the date or dates of and Identify each person involved in the transaction, Communication, event or occurrence in question, and set forth the role of each such person in connection therewith, and state the nature and subject matter of the transaction, Communication, event or occurrence in question.

2

12.     "Document" means all non-identical written, recorded or graphic material plus any attachments thereto, in Your possession, custody or control, regardless of its location, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage devices, servers, cloud-based or any other media, and shall include, without limitation, all correspondence, letters, affidavits, sworn or unsworn statements, notes, memoranda, tapes, contracts, certificates, computer tapes, cards and disks, electronic data, email, texts, records of electronic mail, instant message programs, social media, websites, minutes, records, diaries, logs, books, journals, bookkeeping entries, financial statements, tax returns, invoices, checks, canceled checks, drafts, promissory notes, private placement memos, money orders, wire transfer instructions, negotiable instruments, letters of credit, books of account, diaries, pay stubs, expense vouchers, bank statements, telephone reports, analyses, studies, drawings, charts, photographs, films, videotapes, pamphlets, periodicals, appointment calendars, cables, wires, telegrams, telexes, facsimiles, records and recordings of oral conversations, work papers, and any non-identical copies of any Document, including drafts, postscripts, addenda, changed versions and copies of originals on which any notation has been made, and includes all such Documents in the possession, custody or control of Defendants or the present or former agents, representatives or any and all persons acting on their behalf.

13.     "Edward Nowak" and "Nowak" refers to Edward Nowak, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

14.     "Eugene Podsiadlo" and "Podsiadlo" refers to Eugene Podsiadlo, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

15.     "Identify," "identity," "state the identity," and "identification":

    A.     When used in reference to an individual, shall mean to state (i) his or her full name, (ii) present or last known home Address and telephone numbers, (iii) present or last known business Address and telephone numbers, and (iv) present or last known occupation, employer and job title or description (indicating whether the information provided is "current" or "last known" in each instance);

    B.     When used in reference to an organization of any kind, shall mean to state (i) its full name, (ii) whether it is a corporation, general partnership, limited partnership, sole proprietorship or other entity, (iii) its date and state of incorporation (if applicable), (iv) the Address of its principal place of business and its telephone numbers, (v) each state in which it is registered or authorized to do business and the date on which it was first so registered or authorized, (vi) each state in which it was, but is no longer, registered or authorized to do business, the date on which it was first so registered or authorized, and the date on which it ceased to be so registered or authorized, (vii) the name and current or last known Address of each person who currently serves as an officer or director (if applicable) together with the title held by each such person and the date from which such title has been held, (viii) whether it is currently active and, if not, the date on which and reason for which it ceased doing business, (ix) whether it is currently in good standing in each state in which it is incorporated or registered or authorized to do business, (x) the Address

and phone number of each other location at which it currently does business and the date on which it commenced doing business at that location, and (xi) the Address and phone number if each location at which it did business in the past, but at which it currently does not operate, and the dates between which it did business at each such location;

C.   When used in reference to a Document, shall mean to state (i) the type of Document, (ii) its date, (iii) the identity of its author(s) and its recipient(s), (iv) any title and/or serial or file number appearing on the Document, (v) the identity of its present custodian, (vi) its present location, and (vii) a brief description of its subject matter. If any such Document was, but is no longer in Your possession or control or in existence, state whether it is missing, lost, has been destroyed, has been transformed to others or has been otherwise disposed of.

D.   When used in reference to an oral Communication, means to (i) state the date, place or places, and parties to the oral Communication or some other means of Identifying the oral Communication; (ii) set forth the substance of the oral Communication; (iii) state the medium through which the oral Communication was made (in person or by telephone or video conference); (iv) Identify each person who participated in the oral Communication; (v) Identify each person hearing the oral Communication; and (vi) state whether any written note or memorandum in the manner required to Identify a Document as defined above.

16.   "Interrogatory" or "Interrogatories" when used herein shall mean these Interrogatories.

17.   "James Radvany" and "Radvany" refers to James Radvany, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

18.   "Person" or "persons" shall include, without limitation, natural persons as well as associations, partnerships, ventures, and any other incorporated or unincorporated business, limited liability companies, government, public or social entity.

19.   "Petition Date" means December 20, 2022, the date on which the Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code, thus commencing the Bankruptcy Case.

20.   "Possession, custody and control" of Documents or other requested material, shall include, in addition to All Documents presently in the actual possession of You, Your attorneys or agents, any materials the location of which is known to You, Your attorneys or agents.

21.   "Referring to," " Relating to," or "Relating to" means showing, disclosing, averring to, comprising, evidencing, construing, or revealing, directly or indirectly, in whole or in part.

22.   "Robert W. Szostak" refers to Robert W. Szostak, the husband of Defendant, Copley E. Szostak, individually, and other persons acting for or on behalf of him, including without limitation attorneys and accountants.

4

23.    The term "and/or" means "and" and in the alternative, "or."

24.    The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

25.    If You claim any privilege, work-product exemption or any other protection, or discovery immunity, from disclosure as a ground for withholding any information or Document, provide the following information for each Document:

A.    The date or approximate date of the creation of the Document;

B.    The type of Document (letter, e-mail, memorandum, etc.);

C.    A description of the subject matter of the Document;

D.    The identity of each and every person who prepared signed or participated in the preparation of the Document; and the capacity in which that person was acting at the time;

E.    The identity of each and every Addressee and/or person who received or viewed the Document; including recipients of copies;

F.    The identity of the present custodian of the Document;

G.    A list of all attached Documents; and

H.    The nature of the privilege or immunity asserted, and the facts on which You rely to support the claim.

26.    To the extent not inconsistent with the foregoing, Plaintiffs hereby further incorporates the Definitions and Instructions contained in Plaintiffs' discovery served upon Defendant.

27.    These Interrogatories are continuing in nature and character so as to require You to provide immediately upon receipt, supplemental information without delay.

## TIME PERIOD

Unless otherwise specified, the discovery sought by these Interrogatories relates to the period from December 20, 2019 through and including the date these Interrogatories are served (the "Interrogatory Period").

Each Interrogatory is to be answered for at least the entire Interrogatory Period, both with respect to acts, events and conditions occurring during that Period and acts, events and conditions which, although occurring prior to the Interrogatory Period, had a continuing effect or existence during the Interrogatory Period. Also, Interrogatories which specifically require an answer as to acts, events and conditions occurring prior to the Interrogatory Period are to be answered, even if they had no continuing effect or existence during the Interrogatory Period.

## INTERROGATORIES

### INTERROGATORY NO. 1.

1.      Identify each and every person who assisted in the answering of these Interrogatories, including his or her relationship to Defendant, his or her relationship to Plaintiffs, his or her employer, and position of employment.

**RESPONSE**:

### INTERROGATORY NO. 2.

2.      State the factual basis for Your assertion in paragraph 5 of the Amended Answer that the Amended Complaint "fails to state a cause of action against the Debtor/Defendant" for "nondischargeability of debt or for nondischarge pursuant to § 523(a)(6)," that "the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code," and that "Plaintiffs accomplish this […] with sham pleadings and arguments which are known by Plaintiffs to be based upon false facts and/or due to misapplication of the law." Please provide all documents that You rely upon to support said assertion.

**RESPONSE**:

### INTERROGATORY NO. 3.

3.      Identify all sources and amount of income, including unemployment compensation, and gifts and loans received by You during the Interrogatory Period, and identify and produce all documents which refer to or evidence such income.

**RESPONSE**:

### INTERROGATORY NO. 4.

4.      Identify Your place of residence, and mailing address if different, and each and every email address and telephone number You used during the Interrogatory Period.

**RESPONSE**:

6

## INTERROGATORY NO. 5.

5.        Identify any and all amounts of money received by You in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Eugene Podsiadlo (or any company or entity in which Eugene Podsiadlo has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

> a.   the amount in US dollars;
>
> b.   the date it was received;
>
> c.   the bank account into which the amount was deposited;
>
> d.   the date of such deposit;
>
> e.   the amount of the debt which remains outstanding; and
>
> f.   whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;
>
> g.   all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

## INTERROGATORY NO. 6.

6.        Identify any and all amounts of money received by Lead Hero LLC in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Eugene Podsiadlo (or any company or entity in which Eugene Podsiadlo has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

> a.   the amount in US dollars;
>
> b.   the date it was received;
>
> c.   the bank account into which the amount was deposited;
>
> d.   the date of such deposit;
>
> e.   the amount of the debt which remains outstanding; and

7

f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

## INTERROGATORY NO. 7.

7.     Identify any and all amounts of money received by any other company in which You have an interest in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Eugene Podsiadlo (or any company or entity in which Eugene Podsiadlo has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

a.  the amount in US dollars;

b.  the date it was received;

c.  the bank account into which the amount was deposited;

d.  the date of such deposit;

e.  the amount of the debt which remains outstanding; and

f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

## INTERROGATORY NO. 8.

8.     Identify any and all amounts of money received by You in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Edward Nowak (or any company or entity in which Edward Nowak has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these

8

Interrogatories, including for each such sum received:

      a.  the amount in US dollars;

      b.  the date it was received;

      c.  the bank account into which the amount was deposited;

      d.  the date of such deposit;

      e.  the amount of the debt which remains outstanding; and

      f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

      g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

### INTERROGATORY NO. 9.

9.     Identify any and all amounts of money received by Lead Hero LLC in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Edward Nowak (or any company or entity in which Edward Nowak has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

      a.  the amount in US dollars;

      b.  the date it was received;

      c.  the bank account into which the amount was deposited;

      d.  the date of such deposit;

      e.  the amount of the debt which remains outstanding; and

      f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

      g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

**INTERROGATORY NO. 10.**

10.     Identify any and all amounts of money received by any other company in which You have an interest in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Edward Nowak (or any company or entity in which Edward Nowak has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

        a.   the amount in US dollars;

        b.   the date it was received;

        c.   the bank account into which the amount was deposited;

        d.   the date of such deposit;

        e.   the amount of the debt which remains outstanding; and

        f.   whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

        g.   all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

**INTERROGATORY NO. 11.**

11.     Identify any and all amounts of money received by You in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from James Radvany (or any company or entity in which James Radvany has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

        a.   the amount in US dollars;

        b.   the date it was received;

        c.   the bank account into which the amount was deposited;

        d.   the date of such deposit;

        e.   the amount of the debt which remains outstanding; and

f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

### INTERROGATORY NO. 12.

12.  Identify any and all amounts of money received by Lead Hero LLC in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from James Radvany (or any company or entity in which James Radvany has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

a.  the amount in US dollars;

b.  the date it was received;

c.  the bank account into which the amount was deposited;

d.  the date of such deposit;

e.  the amount of the debt which remains outstanding; and

f.  whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

g.  all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

### INTERROGATORY NO. 13.

13.  Identify any and all amounts of money received by any other company in which You have an interest in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from James Radvany (or any company or entity in which James Radvany has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:

11

a. the amount in US dollars;

b. the date it was received;

c. the bank account into which the amount was deposited;

d. the date of such deposit;

e. the amount of the debt which remains outstanding; and

f. whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;

g. all documents which refer to or evidence such debt or deposit.

**RESPONSE**:

Dated: March 6, 2026

REED SMITH LLP

*/s/ Michael P. Cooley*
Michael P. Cooley (admitted pro hac vice)
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Fax: (469) 680-4299
Email: mpcooley@reedsmith.com

and

Emily C. Costantinou (admitted pro hac vice)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: ecostantinou@reedsmith.com

and

Edward M. Mullins
Florida Bar No. 863920
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center

12

Miami, Florida 33131
Telephone: 786-747-0203
Email:  emullins@reedsmith.com

*Counsel for MicroBilt Corporation and
Princeton Alternative Funding, LLC*

13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                              Chapter 7

COPLEY E. SZOSTAK                                                   Case No. 22-19693-MAM

                                 Debtor.
_____/

MICROBILT CORPORATION and PRINCETON
ALTERNATIVE FUNDING, LLC,                                           Adv. No. 23-01070-MAM

                                 Plaintiffs,

v.

COPLEY E. SZOSTAK

                                 Defendant.
_____/

           Copley E. Szostak
           c/o Steven S. Newburgh, Esquire
           Steve Newburgh, P.A.
           884 NW 6TH Drive
           Boca Raton, Florida 33486
           Telephone: (561) 329-1997

**PLAINTIFFS' REVISED FIRST SET OF REQUESTS FOR DOCUMENTS TO DEBTOR**

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this adversary

proceeding pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, Plaintiffs MicroBilt

Corporation and Princeton Alternative Funding, LLC (collectively "Plaintiffs"), through their

undersigned counsel, hereby demands responses from **Defendant, Copley E. Szostak** (the

"Defendant") to the following requests for production (collectively, the "Requests", and individually,

each a "Request"), in accordance with the instructions and definitions that follow.  The Plaintiffs

further request that Defendant respond no later than **April 6, 2026, at 5:00 p.m. (Eastern Time)**,

which is thirty (30) days from the date hereof, and the time period and in the manner prescribed by

the Federal Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

1.      To the extent not inconsistent with the foregoing, Plaintiffs hereby incorporate the Definitions and Instructions contained in *Plaintiffs' Revised First Set of Interrogatories to Debtor* served contemporaneously herewith.

2.      "Address" or "Addresses" shall include the number, street, city, county, state, country and zip or postal code.

3.      "All documents" shall mean every document within the custody, possession or control of Defendant, including every document within the custody, possession or control of Defendant's attorneys, representatives, employees, and/or agents, whether an original or copy, as defined above, and every such document or writing which Defendant can locate or discover by reasonably diligent efforts, regardless of where such may actually be maintained.

4.      "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Request all responses that otherwise might be construed outside of its scope.

5.      "Any" and/or "all" shall mean any and all.

6.      "Communications" when used herein shall mean the oral, textual or other transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      "Concerning" when used herein shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, impinging or impacting upon, supporting, contradicting, establishing, affecting, prepared in connection with, responding to, analyzing, reflecting or constituting.

8.      "Date" when used herein shall mean the exact day, month and year if ascertainable, or if not, the best approximation thereof in relation to other events.

9.      "Documents" when used herein shall mean all written, printed, typed, electronic, computerized, computer-generated, computer-stored, server-stored, cloud-stored, tape recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, papers, writings, memoranda, correspondence, stenographic, handwritten or other notes, books, pamphlets, minutes, contracts, agreements, subpoenas, inter-office and intra-office communications, memos, letters, faxes, bulletins, circulars, procedures, diaries, records or notes of telephone conversations, bills, orders, receipts, charts, schedules, entries, prints, worksheets, lists, catalogues, computer printouts, e-mail, representations, reports, drawings, sketches, pictures, photographs, tape or other recordings, computer discs, films, text messages, instant messages or programs, social media, websites, and any tangible items or things of written, readable, graphic, audible or visual materials of any kind or character including data stored on magnetic media for audible or computer use or for word processing purposes, whether handwritten, typed, "Xeroxed," photo-stated, printed, duplicated, reproduced, recorded, videotaped, photographed, copied, microfilmed, micro-carded or transcribed by any means

2

including, without limitation, each interim as well as final draft and any revision.

10. "Each" shall mean each and every.

11. "Identify", whenever used herein with respect to any person or entity, shall mean to state that person's or entity's: (i) full name, (ii) current address and telephone number, and (iii) last known business affiliation, address and telephone number; or, in the case of a corporate or business entity, (i) its full name and (ii) its current address and telephone number.

12. "Identify", whenever used herein with respect to any document, means to state: (i) the date of the document; (ii) the type(s) of information contained in the document; (iii) the names, addresses, telephone numbers and occupations of the author(s) of the document; (iv) the names, addresses, telephone numbers and occupations of the recipient(s) of the document (v) the form(s) of the document; (vi) a description of the document; and (vii) the present location(s) and custodian(s) of the document.

13. "Identify", whenever used herein with respect to any communication, means to provide: (i) the names, addresses, telephone numbers and occupations of all known parties to that communication (ii) the date, time and place the communication was made; (iii) a summary of the contents of the communication; and (iv) whether the communication has been transcribed or recorded in any manner.

14. "Identify", whenever used herein with respect to any service, act, event, incident, meeting, or happening, means to state the: (i) date of occurrence; (ii) place of the occurrence; (iii) the names, addresses, and current telephone numbers of all known parties to the occurrence; and (iv) a general description of the occurrence.

15. "Person" or "persons" shall include, without limitation, natural persons as well as associations, partnerships, ventures, and any other incorporated or unincorporated business, limited liability companies, government, public or social entity.

16. "Possession, custody and control" of Documents or other requested material, shall include, in addition to All Documents presently in the actual possession of You, Your attorneys or agents, any materials the location of which is known to You, Your attorneys or agents.

17. "Referring to," " Relating to," or "Relating to" means showing, disclosing, averring to, comprising, evidencing, construing, or revealing, directly or indirectly, in whole or in part.

18. "Relevant Time Period" when used herein shall mean the period from December 20, 2019, to the date these Requests are answered, unless specifically stated otherwise.

19. "Requests" when used herein shall mean these Requests for Production of Documents, Electronically Stored Information and Tangible Things.

20. As used herein, any reference to the singular shall include the plural, and vice versa, to bring within the scope of the Request information that might otherwise be construed outside of its scope.  The use of any masculine or feminine pronoun includes both the masculine and the feminine.

21.     "Adversary Case" refers to the adversary case commenced by the Complaint, captioned *Microbilt Corporation and Princeton Alternative Funding, LLC v. Copley E. Szostak*, in the United States Bankruptcy Court for the Southern District of Florida, at Adv. Docket No. 23-01070-MAM.

22.     "Amended Answer" refers to the *Answer and Affirmative Defenses to Amended Adversary Complaint* filed by Defendant in the Adversary Case on January 2, 2024, docketed at ECF No. 63.

23.     "Amended Complaint" refers to the *Verified Amended Complaint Objecting to the Discharge of Debtor and Dischargeability of Debt* filed by Plaintiffs in the Adversary Case on December 7, 2023, docketed at ECF No. 41.

24.     "Bankruptcy Case" refers to the bankruptcy case the bankruptcy case commenced by Defendant in the United States Bankruptcy Court for the Southern District of Florida, at Docket No. 22-19693-MAM.

25.     "Complaint" refers to the *Verified Complaint Objecting to the Discharge of Debtor and Dischargeability of Debt* filed by Plaintiffs in the Adversary Case on March 27, 2023, docketed at ECF No. 1.

26.     "Edward Nowak" and "Nowak" refers to Edward Nowak, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

27.     "Eugene Podsiadlo" and "Podsiadlo" refers to Eugene Podsiadlo, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

28.     "James Radvany" and "Radvany" refers to James Radvany, individually, and other persons acting for or on his behalf, including without limitation attorneys and accountants.

29.     "Petition Date" means December 20, 2022, the date on which the Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code, thus commencing the Bankruptcy Case.

30.     "Plaintiffs" refers to MicroBilt Corporation and Princeton Alternative Funding, LLC.

## INSTRUCTIONS

1.     In producing documents, You are requested to produce the original of each document with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original, except as may be agreed or ordered otherwise.

2.     Except as may be agreed or ordered otherwise: (a) Documents shall be produced as they are kept in the usual course of business; (b) all documents shall be produced in the file folder, envelope or container in which the documents are kept or maintained; (c) documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business and during the subsequent maintenance of the documents.

4

3.     Each Request should be responded to separately; however, a document which is responsive to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in later response.

4.     If an otherwise responsive document was, but is no longer, in existence or in a Defendant's possession, custody or control, or in the possession, custody or control of any of the persons or entities identified in definitional paragraph above relating to "All documents" above, identify its current or last known custodian and describe in full the circumstances surrounding its disposition from that Defendant's former possession, custody or control.  A document shall be deemed in a Defendant's control if that Defendant has the right or ability to secure the document or copy thereof from any person or entity having possession or custody thereof.

5.     Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated, or received, or those which otherwise came into existence at any time during the time periods described herein.

6.     Each document requested herein is requested to be produced in its entirety and without deletions or excisions, regardless of whether Defendants consider the entire document to be relevant or responsive to the Request.  If Defendants have redacted any portion of a responsive document, stamp the word "redacted" on each page of the document so redacted.

7.     If any document called for by these Requests is not produced in full or is redacted on the ground that it is privileged or otherwise claimed to be protected against production, Defendants are requested to provide a log including the following information with respect to each such document or redaction:

(a)     its date;

(b)     its author(s), its signator(s) and each and every other person who prepared or participated in its preparation;

(c)     the type of document (e.g., letter, chart, memorandum, etc.);

(d)     a description of its subject matter and length;

(e)     a list of those persons and entities to whom said document(s) was or were disseminated, together with their last known addresses, and the date or approximate date on which each such person or entity received such document(s);

(f)     a list of all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, the means of such disclosure, and the present location of the document and all copies thereof;

(g)     each and every person having custody or control of the document and all copies thereof; and

(h)     the nature of the privilege or other rule of law relied upon and any facts supporting Your position in withholding production of each such document.

8.     These Requests are continuing and all documents coming into Your possession,

5

custody or control which You would have been required to produce had they been available shall be produced forthwith.

9.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, or if such documents are attached to documents called for by these Requests, or constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

10.      If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including the following information:

        (i)      the date of disposal;

        (j)      the manner of disposal;

        (k)      the reason for disposal;

        (l)      the person(s) authorizing disposal; and

        (m)      the person disposing of the document.

11.      The Relevant Time Period shall apply to each Request unless otherwise stated.

## REQUESTS

1. All documents and tangible things identified by You in Your answers to Plaintiffs' Interrogatories Directed to Defendant.

2. All documents and tangible things requested by Plaintiffs' Interrogatories Directed to Defendant.

3. All documents to which You referred in responding to Plaintiffs' Interrogatories Directed to Defendant.

4. All documents and tangible things identified by You in Your Amended Answer.

5. All documents to which You referred in responding to the Amended Complaint.

6. All documents relating to or reflecting communications between You and any non-party, concerning:

      a. this Adversary Case, or

      b. any matter alleged in the Complaint in this Adversary Case.

7. All documents relating to or reflecting communications between You or Your attorneys, accountants or other representatives and Edward Nowak or his attorneys or representatives concerning:

      a. this Adversary Case; and

      b. any matter alleged in the Complaint in this Adversary Case.

8. All documents relating to or reflecting communications between You or Your attorneys, accountants or other representatives and Eugene Podsiadlo or his attorneys or representatives concerning:

      a. this Adversary Case; and

      b. any matter alleged in the Complaint in this Adversary Case.

9. All documents relating to or reflecting communications between You or Your attorneys, accountants or other representatives and James Radvany or his attorneys or representatives concerning:

      a. this Adversary Case; and

      b. any matter alleged in the Complaint in this Adversary Case.

10. All documents relating to or reflecting communications between You or Your attorneys, accountants or other representatives and any government entity, lawyer, investigator, private law firm, or non-party, or their accountants or attorneys or representatives concerning:

   a.  this Adversary Case, or

   b.  any matter alleged in the Complaint in this Adversary Case.

11. All statements obtained, secured or received from any person regarding Plaintiffs' objection to discharge under 11 U.S.C. § 727(a)(4) or in support of Your denials or Defenses in the Amended Answer to such objection to discharge.

12. All documents relating to Your wages, earnings, income, benefits, profit, compensation, or other remuneration from any employment or other sources, including without limitation unemployment compensation, You have received at any time after December 20, 2019.

13. The reports of all experts retained by You in connection with this Adversary Case, together with all documents furnished to such expert(s) for his/her review.

14. To the extent not produced in response to the preceding Requests, all documents that support any of the factual allegations set forth in Your denials and Defenses in this Adversary Case.

15. All documents You intend on introducing at the time of trial of this Adversary Case.

16. Any and all financial statements (including balance sheets and income statements) for the past two (2) years, for each of the following entities listed below, and any information concerning site traffic and revenue generated from the domains listed below:

   a.  PC Social LLC; and

   b.  Lead Hero LLC.

17. Any and all information concerning site traffic and revenue generated from the domains listed below for the past two (2) years:

   c.  leadherosales.com;

   d.  presentcompanyonline.com;

   e.  promotionsbycopley.com; and

   f.  eastmainco.com.

Dated:  March 6, 2026        REED SMITH LLP

                */s/ Michael P. Cooley*
                Michael P. Cooley (admitted pro hac vice)
                2850 N. Harwood Street
                Suite 1500
                Dallas, TX 75201
                Telephone: (469) 680-4200
                Fax: (469) 680-4299
                Email: mpcooley@reedsmith.com

and

Emily C. Costantinou (admitted pro hac vice)
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: ecostantinou@reedsmith.com

and

Edward M. Mullins
Florida Bar No. 863920
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, Florida 33131
Telephone: 786-747-0203
Email:  emullins@reedsmith.com

*Counsel for MicroBilt Corporation and Princeton Alternative Funding, LLC*