**EXHIBIT E**

| | |
|---|---|
| **From:** | Steven Newburgh |
| **To:** | Mullins, Edward M. (MIA); Cooley, Michael P. |
| **Cc:** | Costantinou, Emily C.; Tina Vierengel |
| **Subject:** | Copley Szostak |
| **Date:** | Saturday, March 14, 2026 12:12:40 AM |
| **Attachments:** | Outlook-p0yz2ty5.png |
| | Plaintiffs Revised RFP-Debtor Responses-ssn2.pdf |

**External E-Mail - FROM Steven Newburgh <snewburgh@newburghlaw.net>**



Dear Counselors:

Please refer to attached Defendant's Responses to Plaintiffs' Revised First Request for Documents.

I have waited now for a week to receive a promised call from you, Ed.  There's a lot to cover and we need to get this case ready for trial.

Let's discuss your intent to again harass Copley Szostak with an unnecessary deposition given all of the previous examinations.  I'm not producing her without a serious discussion under our local rules.  There will be no further "meet and confer" required sessions unless attorney Mullins participates.  It's important that he understands your client is suing under both 523 and 727.  I look forward to having you in the case.

Please let me know of a date in the next 7 days for us to conduct our meet and confer concerning this first part of the discovery process.

Finally, I noticed that the Substitution of Counsel signed by attorney Mullins does not contain the required certification under our Local Rules.  Please fix that at your earliest convenience or I will move to strike the substitution and revoke any pro hac admissions obtained thereby.

Have a nice weekend, all.

Best,

Steven S. Newburgh
For the Debtor, Copley Szostak

*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



Book time to meet with me

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**


In re:

COPLEY E. SZOSTAK,                                        Case No. 22-19693-MAM

    Debtor.                                              Chapter 7

_____/

MICROBILT CORPORATION and
PRINCETON ALTERNATIVE FUNDING, LLC

    Plaintiff,

v.                                                        Adv. No. 23-01070-MAM

COPLEY E. SZOSTAK,

    Defendant.

_____/

<u>**DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFFS REVISED**
**FIRST SET OF REQUESTS FOR DOCUMENTS TO DEBTOR**</u>


Defendant, Copley E. Szostak, (the "Defendant" or "Debtor"), by and through her undersigned counsel, hereby serves her responses and objections to *Plaintiffs' Revised First Request for Documents*, dated March 6, 2026, as follows:

I.    <u>**GENERAL OBJECTIONS**</u>

Defendant interposes the following General Objections, which apply to each Request and are incorporated into each specific response, in addition to the six (6) pages of "Instructions" sought to be imposed on the Defendant:

1.      <u>Overbreadth, Undue Burden, and Lack of Proportionality</u> to the § 727 action commenced against the Defendant – Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26(b)(1)).

Defendant objects to the Requests to the extent they are overly broad, unduly burdensome, and disproportionate to the needs of the case considering that the Debtor/Defendant was never employed by the Plaintiffs, never borrowed money from the Plaintiffs and is present in these proceedings solely to punish the Debtor's spouse who was formerly employed by the Plaintiffs and for no other reason, thereby evidencing abject bad faith in the prosecution of this adversary by the Plaintiffs.   Further, the Requests seek information far beyond the scope of permissible discovery in adversary proceedings seeking to deny a Debtor a discharge under 11 U.S.C. § 727.

2.      <u>Privilege and Work Product</u>

Defendant objects to the Requests to the extent they seek information protected by the attorney–client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other applicable privilege or protection.

3.      <u>Vagueness and Ambiguity</u>

Defendant objects to the Requests as vague, ambiguous, and undefined, including but not limited to the terms "relating to," "reflecting," "concerning," "non-party," and "any matter alleged in the Complaint."

4.      <u>Documents Not in Defendant's Possession, Custody, or Control</u>

Defendant objects to the Requests to the extent they seek documents not within Defendant's possession, custody, or control, including documents belonging to third parties or separate legal entities.

5.      <u>Confidential and Proprietary Information</u>

Defendant objects to Requests seeking confidential financial, commercial, or proprietary information. No such information will be produced absent a mutually-agreed protective order.

2

6.    Premature Expert Discovery

Defendant objects to Requests seeking expert materials prior to the deadlines established by Fed. R. Civ. P. 26(a)(2), Fed. R. Bankr. P. 7026, Local Rule 7026-1 and the scheduling order applicable to this case.

7.    Duplicative and Cumulative Requests

Defendant objects to Requests that merely incorporate or duplicate other discovery requests, pleadings, or interrogatory responses.

8.    Continuing Objections

Defendant reserves all rights to supplement or amend these objections and responses as permitted by the Federal Rules of Civil Procedure to the extent incorporated into the Fed. R. Bankr. P. 7026 and Local Rule 26-1.

**II. SPECIFIC RESPONSES AND OBJECTIONS**

1. REQUEST NO. 1

"All documents and tangible things identified by You in Your answers to Plaintiffs' Interrogatories Directed to Defendant."

**RESPONSE**:

Defendant objects as the Request is vague, ambiguous, overly broad, unduly burdensome, and improperly shifts the burden to Defendant to identify documents Plaintiffs believe are responsive. Defendant further objects to the extent the Request seeks privileged or work-product materials. Defendant will not produce documents in response to this Request.

3

2. REQUEST NO. 2

"All documents and tangible things requested by Plaintiffs' Interrogatories Directed to Defendant."

**RESPONSE**:

Defendant objects because this Request is duplicative, overly broad, vague, ambiguous, and improperly incorporates other discovery requests by reference. Defendant further objects to the extent the Request seeks privileged or work-product materials. Defendant will not produce documents in response to this Request.

3. REQUEST NO. 3

"All documents to which You referred in responding to Plaintiffs' Interrogatories Directed to Defendant."

**RESPONSE**:

Defendant objects because this Request is vague, ambiguous, overly broad, unduly burdensome, and improperly shifts the burden to Defendant to identify documents Plaintiffs believe are responsive. Defendant further objects to the extent the Request seeks privileged or work-product materials. Defendant will not produce documents in response to this Request.

4. REQUEST NO. 4

"All documents and tangible things identified by You in Your Amended Answer."

**RESPONSE:**

Defendant objects because this Request is vague, ambiguous, overly broad, unduly burdensome, and improperly shifts the burden to Defendant to identify documents Plaintiffs

4

believe are responsive. Defendant further objects to the extent the Request seeks privileged or work-product materials. Defendant will not produce documents in response to this Request.

5. REQUEST NO. 5

"All documents to which You referred in responding to the Amended Complaint."

**RESPONSE:**

Defendant objects because this Request is vague, ambiguous, overly broad, unduly burdensome, and improperly shifts the burden to Defendant to identify documents Plaintiffs believe are responsive. Defendant will not produce documents in response to this Request.

6. REQUEST NO. 6

"All documents relating to or reflecting communications between You and any non-party concerning this Adversary Case or any matter alleged in the Complaint."

**RESPONSE**:

Defendant objects because this Request is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case as described in ¶1, above. The Request improperly requests attorney–client communications, attorney work product, and communications with counsel or agents. The Request also seeks documents not within Defendant's possession, custody, or control. Defendant will not produce documents in response to this Request.

7. REQUEST NO. 7

Communications with Edward Nowak or his attorneys/representatives.

**RESPONSE**:

Defendant incorporates objections to Request No. 6. Defendant further objects because the Request seeks privileged communications and documents not within Defendant's possession,

5

custody, or control and borders on crossing-over into issues abated by the court under the Pending Proceedings doctrine, especially when considered *in pari materia* with Plaintiffs' request for relief from stay.  Defendant will not produce documents in response to this Request.

8. REQUEST NO. 8

Communications with Eugene Podsiadlo or his attorneys/representatives.

**RESPONSE:**

Same objections and response as Request No. 7.

9. REQUEST NO. 9

Communications with James Radvany or his attorneys/representatives.

**RESPONSE:**

Same objections and response as Request No. 7.

10. REQUEST NO. 10

Communications with any government entity, lawyer, investigator, private law firm, or non-party concerning this Adversary Case or any matter alleged in the Complaint.

**RESPONSE**:

Defendant objects because this Request is extraordinarily overbroad, unduly burdensome, vague, ambiguous, and seeks privileged and work-product materials. Defendant will not produce documents in response to this Request.

11. REQUEST NO. 11

"All statements obtained, secured or received from any person regarding Plaintiffs' objection to discharge under 11 U.S.C. § 727(a)(4)."

**RESPONSE:**

6

Defendant objects because this Request seeks attorney work product, including witness statements and materials prepared in anticipation of litigation. Defendant will not produce documents in response to this Request.

12. <u>REQUEST NO. 12</u>

All documents relating to wages, earnings, income, benefits, or compensation since December 20, 2019.

**RESPONSE:**

Defendant objects because the Request is overly broad in time and scope, seeks confidential financial information, and is not proportional to the needs of the case. Defendant will not produce documents in response to this Request.

13. REQUEST NO. 13

Expert reports and all documents furnished to experts.

**RESPONSE:**

Defendant objects because expert discovery is premature and because the Request seeks materials protected under Fed. R. Civ. P. 26(b)(4), as incorporated by § 7026, Fed. R. Bankr. P. including draft reports and communications with experts. Defendant will not produce documents in response to this Request at this time.

14. <u>REQUEST NO. 14</u>

All documents supporting Defendant's denials and defenses.

**RESPONSE:**

Defendant objects because this Request is overly broad, unduly burdensome, vague, ambiguous, and seeks attorney work product. Defendant will not produce documents in response to this Request.

7

15. REQUEST NO. 15

All documents Defendant intends to introduce at trial.

**RESPONSE:**

Defendant objects because the Request is premature. Defendant will identify and produce trial exhibits in accordance with Fed. R. Civ. P. 26(a)(3), as incorporated by Fed. R. Bankr. P. 7026 and Local Rule 7026, and the Court's scheduling order. No documents will be produced at this time.

16. REQUEST NO. 16

Financial statements for PC Social LLC and Lead Hero LLC for the past two years.

**RESPONSE**:

Defendant objects because the Request is overly broad, seeks confidential commercial information, and is not proportional to the needs of the case. Defendant further objects to the extent the Request seeks documents of separate legal entities not within Defendant's possession, custody, or control. Further, the time periods requested are not applicable in these bankruptcy proceedings and are irrelevant.  Defendant will not produce documents in response to this Request.

17. REQUEST NO. 17

Revenue and site-traffic information for multiple domains for the past two years.

**RESPONSE**:

Defendant incorporates the objections set forth in Request No. 16. Defendant will not produce documents in response to this Request.

8

Dated March 13, 2026

Respectfully submitted,

Steven S. Newburgh, Esq.
STEVE NEWBURGH, P.A.
884 NW 6TH Drive
BOCA RATON, FL 33486
Tel: (917) 579-6951
Text/SMS (561) 329-1997
Email: ssn@newburghlaw.net
tina@newburghlaw.net
*Counsel for Defendant, Copley E. Sozstak*

/s/ *Steven S. Newburgh*
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the foregoing have been furnished to counsel for the

Plaintiffs by Email, this 13th day of March, 2026.

*/s/ Steven S. Newburgh*

9