**EXHIBIT F**

| | |
|---|---|
| **From:** | Steven Newburgh |
| **To:** | Mullins, Edward M. (MIA); Cooley, Michael P. |
| **Cc:** | Costantinou, Emily C.; Tina Vierengel |
| **Subject:** | Re: Copley Szostak |
| **Date:** | Monday, March 16, 2026 10:32:07 PM |
| **Attachments:** | Outlook-p0yz2ty5.png |
| | Outlook-2rybi4sd.png |
| | Outlook-pwuyfhf2.png |
| | RESP-Revised Interrogs from Plaintiffs.pdf |
| **Importance:** | High |

**External E-Mail - FROM Steven Newburgh <snewburgh@newburghlaw.net>**



Counselors:  Unsigned responses to the Revised Interrogatories served by you are attached.

I want to get a head-start on the Meet and Confer requirements for this one.   It would appear that a hearing will be required unless Plaintiffs come into compliance with the rules of procedure, the code. our local rules and applicable case law.  I gave you a head-start by including certain case citations in the pro forma responses that I have attached.  I believe that case law can help to narrow the scope of overbroad and overreaching discovery.  Unfortunately, these proceedings are a sham.  They are clearly for the sole purpose of interference with the administration of justice by causing delay in debtor's discharge.  It doesn't help that the Plainitffs invented facts to fit within 523 and, arguably, 727.  This case is transparent to the court and the undersigned counsel.

Thank you.

Best,

Steven S. Newburgh


*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP

tina@newburghlaw.net



 Book time to meet with me

---

**From:** Steven Newburgh <snewburgh@newburghlaw.net>
**Sent:** Sunday, March 15, 2026 4:23 PM
**To:** Edward Mullins <emullins@reedsmith.com>; Cooley, Michael P. <mpcooley@reedsmith.com>
**Cc:** Costantinou, Emily C. <ecostantinou@reedsmith.com>; Tina Vierengel <tina@newburghlaw.net>
**Subject:** Re: Copley Szostak

Counselors:  Please see attached Local Rule 7026-1 Request for Meet and Confer to occur between March 16 and 20, 2026.  Kindly provide a day and time that fits for all Plaintiffs' counsel.

Thank you.


*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



**STEVE NEWBURGH, P.A.**

 Book time to meet with me

---

**From:** Steven Newburgh <snewburgh@newburghlaw.net>
**Sent:** Saturday, March 14, 2026 12:12 AM
**To:** Edward Mullins <emullins@reedsmith.com>; Cooley, Michael P. <mpcooley@reedsmith.com>
**Cc:** Costantinou, Emily C. <ecostantinou@reedsmith.com>; Tina Vierengel <tina@newburghlaw.net>
**Subject:** Copley Szostak

Dear Counselors:

Please refer to attached Defendant's Responses to Plaintiffs' Revised First Request for Documents.

I have waited now for a week to receive a promised call from you, Ed. There's a lot to cover and we need to get this case ready for trial.

Let's discuss your intent to again harass Copley Szostak with an unnecessary deposition given all of the previous examinations. I'm not producing her without a serious discussion under our local rules. There will be no further "meet and confer" required sessions unless attorney Mullins participates. It's important that he understands your client is suing under both 523 and 727. I look forward to having you in the case.

Please let me know of a date in the next 7 days for us to conduct our meet and confer

concerning this first part of the discovery process.

Finally, I noticed that the Substitution of Counsel signed by attorney Mullins does not contain the required certification under our Local Rules.  Please fix that at your earliest convenience or I will move to strike the substitution and revoke any pro hac admissions obtained thereby.

Have a nice weekend, all.

Best,

Steven S. Newburgh
For the Debtor, Copley Szostak


*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



 Book time to meet with me

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**COPLEY E. SZOSTAK,**                    **Case No. 22-19693-MAM**

    **Debtor.**                        **Chapter 7**

_____/

**MICROBILT CORPORATION and**
**PRINCETON ALTERNATIVE FUNDING, LLC**

    **Plaintiff,**

**v.**                                    **Adv. No. 23-01070-MAM**

**COPLEY E. SZOSTAK,**

    **Defendant.**

_____/

**RESPONSES AND OBJECTIONS TO PLAINTIFFS' REVISED FIRST SET OF**
**INTERROGATORIES TO DEFENDANT, COPLEY E. SZOSTAK**

Defendant, Copley E. Szostak ("Defendant" or "Debtor"), responds to Plaintiffs',

MicroBilt Corporation and Princeton Alternative Funding, LLC's ("Plaintiffs"), *Revised First Set*

*of Interrogatories to Debtor* (the "Interrogatories"), as follows:

**GENERAL OBJECTIONS**

1.  Defendant undertakes to respond to Plaintiffs' Revised Interrogatories to the extent

required by the Federal Rules of Civil Procedure, The Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court for the Southern District of Florida, (the "Rules").

Defendant objects to the Interrogatories to the extent they conflict with these Rules and with Title

11, the United States Bankruptcy Code.  Defendant objects to the "Definitions" contained in the

Interrogatories to the extent they exceed or conflict with the Rules, and to each and every discovery request made in these frivolous proceedings, and in consideration of the fact that they are being served by the Plaintiffs solely for the purpose of harassment of an honest but unfortunate debtor in a frivolous and vexatious adversary based upon false facts, apparent perjury, suborning of perjury and false oaths of false facts, the falsity of which is known by Plaintiffs and the lawyers who have filed and maintained these vexatious proceedings prior to commencement of same. Accordingly, these Responses are submitted without prejudice to the Debtor, Copley E. Szostak's right to pursue all available remedies in response to the intentional and prejudicial interference with the administration of justice under the United States Bankruptcy Code.  Further, to the extent the requested information has already been provided to the Plaintiffs in response to their prior examinations of the Debtor and documents and information received from the chapter 7 trustee pursuant to the subpoena served upon him in the main case. [Main Case Dkt. No. 19].

2. Defendant is providing these responses without waiver of, or prejudice to, Defendant's right, at any later time, to raise objections to (a) the relevance, materiality, or admissibility of (i) the Interrogatories or any part thereof, or (ii) statements made in response to the Interrogatories or any part thereof, or (b) any further demand for discovery involving or relating to the matters raised in the Interrogatories, and (c) all remedies appropriate in vexatious Title 11 litigation based upon vindictive motives and attendant bad faith.

**Overbreadth, Undue Burden, and Lack of Proportionality**

Plaintiffs' Revised First Set of Interrogatories are objectionable as being overbroad, unduly burdensome, not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) (*See In re: Takata Airbag Prod. Liab. Litig.*, 2016 U.S. Dist. LEXIS 46206: (S.D. Fla 2016)*, and submitted by Plaintiffs solely to interfere with the administration of justice under the United States

2

Bankruptcy Code by interfering with the Debtor's progression to a chapter 7 discharge as a form of revenge against Debtor's spouse, Robert Szostak, who is also a Debtor before this Court, filing separately. Accordingly, Plaintiffs are continuing to engage in willful vexatious litigation facilitated by their legal counsel.

**Privilege and Work Product**

4.      To the extent the Interrogatories seek attorney–client communications or attorney work product, Defendant objects under Fed. R. Civ. P. 26(b)(3) and Fed. R. Evid. 502. See *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994).

**Vagueness and Ambiguity**

5.      Terms Plaintiffs have employed, such as "any form," "any other form of transaction," "relating to," and "referring to" are too vague and ambiguous to be capable of a reasonable response.

**Outside Defendant's Possession, Custody, or Control**

6.      Defendant objects to Interrogatories seeking information of third parties not within her possession, custody, or control.  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

**Confidential and Proprietary Information**

7.      Interrogatories seeking confidential financial or commercial information are objectionable under Fed. R. Civ. P. 26 (c)(1)(G). *See Auto-Owners Ins. Co. v. Southeast Floating Docks*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

3

**Improper Demand for Documents via Interrogatory**

8.    Interrogatories improperly demanding production of documents violates Fed. R. Civ. P. 33(a)(2). *See Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996).

**Duplicative and Cumulative**

9.    Interrogatories duplicating other discovery requests are objectionable under Fed. R. Civ. P. 26(b)(2)(C).

**Continuing Objections**

10.    Defendant reserves all rights to supplement under Fed. R. Civ. P. 26(e).

**II. <u>SPECIFIC INTERROGATORIES, OBJECTIONS, AND RESPONSES</u>**

<u>INTERROGATORY NO. 1</u>

*Identify each and every person who assisted in the answering of these Interrogatories, including his or her relationship to Defendant, his or her relationship to Plaintiffs, his or her employer, and position of employment. Identify each and every person who assisted in the answering of these Interrogatories.*

**OBJECTION:**

11.    Defendant objects because the Interrogatory seeks information protected by the attorney–client privilege and attorney work-product doctrine. *See United States v. Nobles*, 422 U.S. 225, 238–39 (1975). The Interrogatory is also overly broad and not proportional under Rule 26(b)(1).

**RESPONSE:**

12.    Subject to, and without waving objections: Defendant and the undersigned counsel assisted in preparing these responses.

**INTERROGATORY NO. 2**

*2.        State the factual basis for Your assertion in paragraph 5 of the Amended Answer that the Amended Complaint "fails to state a cause of action against the Debtor/Defendant" for "nondischargeability of debt or for nondischarge pursuant to § 523(a)(6)," that "the adversary complaints filed in this case were each filed in bad faith and with a willful intent to frustrate the administration of justice under Title 11 of the United States Code," and that "Plaintiffs accomplish this […] with sham pleadings and arguments which are known by Plaintiffs to be based upon false facts and/or due to misapplication of the law." Please provide all documents that You rely upon to support said assertion. State the factual basis for Your assertion in paragraph 5 of the Amended Answer.*

**OBJECTION:**

13.        Defendant objects because the Interrogatory seeks attorney work product, mental impressions, and legal theories, which are protected under Fed. R. Civ. P. 26(b)(3). *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947) (*See Hawkins v. District Court of Fourth Judicial Dist.,* 638 P.2d 1372 (Colo.1982)..

**RESPONSE:**

14.        Defendant commends Plaintiffs to the Amended Answer and the record. Defendant will not disclose privileged information.

**INTERROGATORY NO. 3**

*Identify all sources and amount of income, including unemployment compensation, and gifts and loans received by You during the Interrogatory Period, and identify and produce all documents which refer to or evidence such income.*

**OBJECTION:**

15.    The Interrogatory is overly broad in time and scope, seeks confidential financial information protected under Rule 26(c)(1)(G), and is not proportional to the needs of this § 727(a)(4) case.   Interrogatory No. 3 also improperly demands documents via interrogatory, contrary to Rule 33(a)(2), and improperly demands post-petition financial information even though Plaintiffs define the "Petition Date" as "December 20, 2022" and that their legal counsel was fully aware of the Code provisions in this regard.   Accordingly, Defendant objects to the demands for financial information which would require the Debtor to provide financial information for a three-year period that has no relevance whatsoever to these proceedings.  Submission of the interrogatory itself indicates that Plaintiffs continue to seek information for the purpose of harassment and inconvenience.  This is a bad faith litigation tactic employed by Plaintiffs for the purpose of causing needless delay of Debtor's discharge and for other improper purposes.

**RESPONSE:**

16.    Defendant will not provide information in response to this Interrogatory.

**INTERROGATORY NO. 4**

*Identify Your place of residence, and mailing address if different, and each and every email address and telephone number You used during the Interrogatory Period.*

**OBJECTION:**

17.     The Interrogatory seeks personal identifying information beyond what is relevant or proportional under Rule 26(b)(1). *See Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 538. 217 F.R.D. 533 *, 2003 U.S. Dist. LEXIS 1657 (Dist. Kan. 2003)

**RESPONSE:**

18.     Defendant's current address is listed on the bankruptcy petition. Defendant declines to provide additional personal contact information because of Phillip Burgess'[1] propensity to personally harass the Debtor and her family, as he has done in the past, including prepetition contact via email with the Debtor's daughter to defame her father, Robert Szostak.

---

[1] The owner, operator, managing member, manager and/or "final say" officer and director of the Plaintiff companies.

**INTERROGATORY NOS. 5, 6, 7, 8, 9, 10, 11, 12 and 13**

*(5)  Identify any and all amounts of money received by You in any form, including as a loan, advance, gift, purchase consideration, transfer, or any other form of transaction, from Eugene Podsiadlo (or any company or entity in which Eugene Podsiadlo has an interest) at any time from or after the date that is four (4) years prior to the Petition Date and through and including the date of these Interrogatories, including for each such sum received:*

*a.      the amount in US dollars;*

*b.      the date it was received;*

*c.      the bank account into which the amount was deposited;*

*d.      the date of such deposit;*

*e.      the amount of the debt which remains outstanding; and*

*f.       whether it took the form of a loan, advance, gift, purchase consideration, transfer, or other form of transaction and, if in the form of a loan, the current remaining balance due on such loan;*

*g.      all documents which refer to or evidence such debt or deposit. (All money received by Defendant or any company in which she has an interest from Podsiadlo, Nowak, or Radvany over a 4+ year period including post-petition)*

**OBJECTION: (APPLICABLE TO INTERROGATORY NOS. 5, 6, 7, 8, 9, 10, 11, 12 and 13):**

19.      Defendant objects because every one of these Interrogatories and subparts thereof:

- Are overly broad and unduly burdensome (Rule 26(b)(1)).

- Were submitted in bad faith, motivated by revenge, hate and animus towards spouse.

- Improperly seek confidential financial information protected under Rule 26(c)(1)(G).

- Seek information outside Defendant's possession, custody, or control, *Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984).

- Seeks information belonging to separate legal entities. *See In re: Hillsborough Holdings Corp.*, 176 B.R. 223, 256 (M.D. Fla. 1994).

- Improperly demand documents via interrogatory (Rule 33(a)(2)).

- Are vague and ambiguous (*i.e.* "any form," "any other form of transaction").

- Impermissibly seek information previously obtained from the chapter 7 trustee pursuant to subpoena and from the examinations of the Debtor by Plaintiffs.

- Are void because they were filed by parties that did not have standing to file a claim in the case and therefore lacked standing to maintain adversary proceedings seeking to deny discharge <u>and</u> a determination of non-dischargeability of a debt that has never been and will never be liquidated as the Plaintiffs had no claim against the Debtor on the Petition Date.

- Improperly requests financial information that is irrelevant as a matter of law to the extent the requests exceed the bounds of bankruptcy jurisdiction.

**RESPONSE:**

20.    Defendant will not provide responses to these irrelevant and objectionable interrogatories.

Dated: _____    _____

Copley E. Szostak.

STATE                                    OF                                    FLORIDA

COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of [_ ] physical presence or [_ ] online notarization,    this    _____    this    _____    day    of_____,    _____

by_____.

_____

_____

(<u>Name of Notary Typed, Printed, or Stamped</u>)

9

Personally Known _____ OR Produced Identification _____
Type of Identification Produced_____

**DATED:  March 15, 2026**

Respectfully submitted,

Steven S. Newburgh, Esq.
STEVE NEWBURGH, P.A.
884 NW 6TH Drive
BOCA RATON, FL 33486
Tel: (917) 579-6951
Text/SMS (561) 329-1997
Email: ssn@newburghlaw.net
tina@newburghlaw.net
*Counsel for Defendant, Copley E. Sozstak*

/s/ *Steven S. Newburgh*
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the foregoing have been furnished to counsel for the

Plaintiffs by Email, this 15th day of March, 2026.

/s/ *Steven S. Newburgh*

10