**EXHIBIT H**

| | |
|---|---|
| **From:** | Steven Newburgh |
| **To:** | Cooley, Michael P.; Mullins, Edward M. (MIA) |
| **Cc:** | Costantinou, Emily C.; Tina Vierengel |
| **Subject:** | Re: Copley Szostak |
| **Date:** | Saturday, March 21, 2026 2:24:58 AM |
| **Attachments:** | Outlook-p0yz2ty5.png |
| | image001.png |
| | image004.png |
| | Outlook-b0te5evz.png |

<mark>External E-Mail - FROM Steven Newburgh <snewburgh@newburghlaw.net></mark>



Thanks, Michael, but we have not covered the rest of the objections yet.  If you could please review them and perhaps you can provide a response to the objections that represent the most serious of violations of our rules and applicable case law.  For example, the overbroad requests run through each of the 17 requests for production of documents.  The debtor should not be compelled to produce something defined as "all documents" after ensuring that a particular document is "reflecting" something or "relating to" something.  The general objection to requesting attorney client privileged documents is far from the scope of a 727.  You and Ed took an oath upon admission to our bar pro hac vice.  Ergo, I can certainly impute knowledge of the local law, rules and procedures to each of you and Emily, jointly.  We also conditioned production of financial information on a mutually-agreeable protective order.

Perhaps the most objectionable discovery request is not a particular discovery request at all.  Perhaps its the fact that I have 3 new lawyers in the case and not one of them understands that Plaintiffs lack standing to be prosecuting this adversary proceeding, or that post-petition financial information is entirely irrelevant in a bankruptcy adversary proceeding on the grounds alleged.  Perhaps it's the fact that the Amended Complaint consists mostly of false facts that were invented by Phillip Burgess, with his legal counsel's blessing.  We are fully aware of the pressure applied by your client to do whatever he asks of and that there will be compliance whether or not the "ask" involves bad faith pleadings and intentional interference with the administration of justice.  I had hoped that my discussions with Alexia Leventhal would have produced a voluntary dismissal of the 523 claim.  The case law on materiality when dealing with a denial of discharge issue is right there in your Lexis or Westlaw program.  That's more knowledge that you are all charged with when you each took an oath to support your pro hac vice admissions.  I have previously reviewed all of these issues with you prior to the time that Ed joined in the litigation by appending his electronic signature to an improperly issued Subpoenas to third persons known to be friends of the debtor.

Asking questions such as whether or not the debtor borrowed money from each of her friends is not just outrageous; it is proof of bad faith litigation because it exceeds the scope of permissible discovery in a 727 and because it emanates from motivation to harm and punish the debtor.

I understand that Phil Burgess is famous for these tactics and I understand that you each feel you must bend a knee to your client even if it includes prosecuting an adversary against debtors that don't owe anything to Burgess's companies and who deserve a discharge in bankruptcy under the law.

As to the 523, Alexis Leventhal and I discussed this issue ad nauseam.  Perhaps Alexis can help you with the case law that you need to be reading.

Adding 30 pages of new argument and theories to your adversary complaint, as amended, was wholly irresponsible given the representations made to the court and the parties. Baker went far beyond the allowable boundaries in pleading under the federal bankruptcy rules  and provided further indicia that these proceedings were commenced in bad faith and which continue to be prosecuted in bad faith.  I hope each of you come to understand these talk points and if not, then please confer with Alexis Leventhal.

With regard to the rest of the discovery issues, I had expected a summary of the objections that you, Ed and Emily will not agree with.  That would enable me to send you caselaw demonstrating support for the objection interposed.  I hope that avenue is preferred over forcing the issue in the courtroom.  We have a responsibility to work out our discovery issues amongst ourselves.  Working out the objections between counsel is much less time-consuming than uploading the requests and responses to the court as part of a motion to compel or similar, where plaintiffs' have persisted in refusing to produce documents or to respond to interrogatory questions.  Finally, and this is something that should have been raised by you, the fake requests for admission that Baker incredibly insisted he served on my office but which were clearly not attached to the transmittal email.  Baker ignored this as did Alexis Leventhal.  Ultimately, it was agreed that those requests for admissions would be re-served.  However, they were never properly served on the debtor's undersigned counsel and no copies were otherwise provided.  When we finally received the requests for admission, they were still dated with the date upon which Baker, incredibly, seems to have intentionally withheld a discovery request, only to later claim that Plaintiffs should be granted summary judgment based in part on the failure of the debtor to respond to the never properly served request for admissions.  (wow).  I formally objected to the defectively served request for admissions.  Ergo, if you want to throw more discovery out there in a case where you have no standing, then please send the requests for admission showing a

true date of service rather than one that bears an incorrect service date.

Finally, we have yet to cover the interrogatories, as mentioned earlier, but there is still something that is not right here.  I have been waiting for almost a year for responses to the debtor's discovery requests.  They were promised to me while Alexis was still with your firm.

At this point, I am imposing a deadline regarding discovery responses due from Plaintiffs;  **Seven (7) business days from today's date, March 21, 2026**, you will please serve Plaintiffs' responses to debtor's request for production of documents and Plaintiffs' responses to debtor's first set of interrogatories.  If I am not mistaken, each of our requests for admission were improperly objected-to.  I hope that you, Ed and Emily examine those objections and set a time to meet and confer to address those objections.

 I reasonably expect that I will receive objections  to debtor's requests that will also need a meet and confer.

I look forward to receiving a more complete summary proposal from you regarding Plaintiffs' requests, along with responses to the debtor's requests.

Thank you for your time and attention to these issues.

Best,

Steven

*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



STEVE NEWBURGH, P.A.

 Book time to meet with me

---

**From:** Cooley, Michael P. <MPCooley@reedsmith.com>
**Sent:** Thursday, March 19, 2026 11:49 AM
**To:** Steven Newburgh <snewburgh@newburghlaw.net>; Mullins, Edward M. (MIA) <EMullins@reedsmith.com>
**Cc:** Costantinou, Emily C. <ECostantinou@reedsmith.com>; Tina Vierengel <tina@newburghlaw.net>
**Subject:** Re: Copley Szostak

Steve—

Thanks for you time yesterday.  The following is intended to recap what we understand to be the points of agreement reached yesterday to streamline and facilitate our respective efforts to respond to one another's pending discovery requests.

First, the plaintiffs agree that the relevant time period indicated for each of their discovery requests should be construed to end as of the commencement of the corresponding debtor's case and therefore seek information or documents only pertaining to the corresponding prepetition period.

Second, the debtors confirm that what they are seeking from the debtors in their pending requests for production of documents is production of those documents that plaintiffs considered or relied upon or that otherwise formed the basis of plaintiffs' § 727 claim against each of the debtors.

Third, the plaintiffs commit to responding to debtors' discovery forthwith and understand that the debtors are waiting for that material.

Please let me know if we have summarized our agreements accurately and note if you think we have missed or misstated anything.  We would ask that you send to us any prior discovery that has been produced so that our current team has the full information provided.

Regards,

mpc
**Michael P. Cooley**

mpcooley@reedsmith.com
D: +1 469.680.4213
M: +1 214.497.9584

**reedsmith.com**

---

**From:** Steven Newburgh <snewburgh@newburghlaw.net>
**Date:** Sunday, March 15, 2026 at 1:23 PM
**To:** Mullins, Edward M. (MIA) <EMullins@reedsmith.com>, Cooley, Michael P. <MPCooley@reedsmith.com>
**Cc:** Costantinou, Emily C. <ECostantinou@reedsmith.com>, Tina Vierengel <tina@newburghlaw.net>
**Subject:** Re: Copley Szostak

**External E-Mail - FROM Steven Newburgh <snewburgh@newburghlaw.net>**
Counselors:  Please see attached Local Rule 7026-1 Request for Meet and Confer to occur between March 16 and 20, 2026.  Kindly provide a day and time that fits for all Plaintiffs' counsel.

Thank you.

*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



STEVE NEWBURGH, P.A.

📇 Book time to meet with me

**From:** Steven Newburgh <snewburgh@newburghlaw.net>
**Sent:** Saturday, March 14, 2026 12:12 AM
**To:** Edward Mullins <emullins@reedsmith.com>; Cooley, Michael P. <mpcooley@reedsmith.com>
**Cc:** Costantinou, Emily C. <ecostantinou@reedsmith.com>; Tina Vierengel <tina@newburghlaw.net>
**Subject:** Copley Szostak

Dear Counselors:

Please refer to attached Defendant's Responses to Plaintiffs' Revised First Request for Documents.

I have waited now for a week to receive a promised call from you, Ed.  There's a lot to cover and we need to get this case ready for trial.

Let's discuss your intent to again harass Copley Szostak with an unnecessary deposition given all of the previous examinations.  I'm not producing her without a serious discussion under our local rules.  There will be no further "meet and confer" required sessions unless attorney Mullins participates.  It's important that he understands your client is suing under both 523 and 727.  I look forward to having you in the case.

Please let me know of a date in the next 7 days for us to conduct our meet and confer concerning this first part of the discovery process.

Finally, I noticed that the Substitution of Counsel signed by attorney Mullins does not contain the required certification under our Local Rules.  Please fix that at your earliest

convenience or I will move to strike the substitution and revoke any pro hac admissions obtained thereby.

Have a nice weekend, all.

Best,

Steven S. Newburgh
For the Debtor, Copley Szostak


*Steven S. Newburgh, Esq.*
**STEVE NEWBURGH, P.A.**
884 NW 6th Drive
Boca Raton, FL 33486
Tel:561.329.1997
Txt: 917.579.6951
Email: ssn@newburghlaw.net
Paralegal:  Tina Vierengel, FRP
tina@newburghlaw.net



STEVE NEWBURGH, P.A.

 Book time to meet with me

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021